```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x

In re:                              :

STEPHEN D'ABROSCA                   :    BK No. 09-11638
            Debtor                         Chapter 7
                                    :
MICHAEL PETRUCELLI
            Plaintiff               :

v.                                  :    A.P. No. 09-1070

STEPHEN D'ABROSCA                   :
            Defendant
- - - - - - - - - - - - - - - - -x
```

### ORDER GRANTING SUMMARY JUDGMENT

APPEARANCES:

    Laurel Bretta, Esq.
    Attorney for Debtor/Defendant
    BRETTA & GRIMALDI
    19 Mystic Avenue
    Medford, Massachusetts 02155

    Andru H. Volinsky, Esq.
    Attorney for Plaintiff
    BERNSTEIN SHUR, P.A.
    P.O. Box 1120
    Manchester, New Hampshire 03105

    John J. McConnell, Esq.
    Attorney for Plaintiff/Local Counsel
    MOTLEY RICE
    321 South Main Street
    Providence, Rhode Island 02940

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 09-11638; A.P. No. 09-1070

Heard on Plaintiff Michael Petrucelli's Motion for Summary Judgment, and Debtor/Defendant Stephen D'Abrosca's Opposition and Cross Motion for Summary Judgment. The present dispute stems from the parties' joint business venture in a car dealership, Automotive Acquisitions, Inc. After the business failed, Petrucelli filed suit against the Debtor in the New Hampshire Superior Court, seeking recovery on four separate grounds: Count I - Breach of Fiduciary Duty, Count II - Conversion, Count III - Negligence, and Count IV - Negligent Misrepresentation. After a full trial on the merits, at which the Debtor appeared and presented his defense, the trial judge instructed the jury, *inter alia*:

> [a] fiduciary relationship exists whenever special confidence has been placed in another. A breach of a fiduciary relationship results whenever influence has been acquired and abused or confidence has been reposed or betrayed.
>
> If you find that fiduciary relationship existed between the parties, you must then determine whether [the Debtor] breached that trust or violated that relationship. As a fiduciary, [the Debtor] had the obligation to behave in a moral and selfless manner while acting in Mr. Petrucelli's interest.
>
> Mr. Petrucelli alleges that [the Debtor] intentionally violated the trust that [he] placed in [the Debtor] by self-dealing, by taking funds of the dealership to which was not

2

BK No. 09-11638; A.P. No. 09-1070

>  entitled, and/or by failing to inform [him] of the true finances of the dealership.[1]

Following deliberations, the jury found the Debtor liable on all four counts of the complaint, and awarded Petrucelli $1,616,500 in damages, plus $500,000 in enhanced damages, based on its finding that the Debtor's conduct was wanton and malicious. D'Abrosca appealed the verdict to the New Hampshire Supreme Court, but that appeal was ultimately dismissed.

On April 29, 2009, D'Abrosca filed for Chapter 7 relief. In a one count complaint filed on August 3, 2009, the Plaintiff alleges that the debt owed him is nondischargeable under 11 U.S.C. § 523(a)(4) due to the Debtor's defalcation as a fiduciary. The Plaintiff now moves for summary judgment, arguing that, under the principle of collateral estoppel, there is no genuine issue as to any material fact in dispute. *See* Fed. R. Civ. Pro. 56(c).

"Collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *In re Jones,* 300 B.R. 133, 137 (B.A.P. 1st Cir. 2003) (citations omitted). For collateral estoppel to apply to a later action, a party must establish that:

---

[1] Partial Transcript of Jury Trial, State of New Hampshire Hillsborough North Superior Court, January 28, 2008, T-23, L 2-20.

3

BK No. 09-11638; A.P. No. 09-1070

(1) the issue sought to be precluded is the same as that in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was determined by a valid and binding final judgment; and (4) the issue's determination was essential to the judgment. *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30-31 (1st Cir. 1994). "An issue may be actually decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation." *Id.* (emphasis in original).

The Debtor contends that he is not collaterally estopped from litigating the issue of whether he breached his fiduciary duties because the jury's lump sum damage award, which represents the Debtor's liability on all four counts, did not specifically apportion the damages owed on account of breach of fiduciary duty. In making this argument, the Debtor confuses collateral estoppel's finality requirement with the ability of this Court to enter a money judgment in dischargeability proceedings. A judgment is final if it is not "tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim. . . ." *Restatement (Second) of Judgments,* § 13 (1982). Here, the jury found the Debtor liable for breach of fiduciary duty and awarded him damages on account of this breach, albeit in a combined damage award. Moreover, though the Debtor initially appealed the jury's verdict, that appeal has since been dismissed, and all applicable appeals periods have now

BK No. 09-11638; A.P. No. 09-1070

expired.  Accordingly, the Plaintiff may rely on the state court judgment against the Debtor in support of his request for summary judgment.

This brings us to the content of the state court judgment, vis-a-vis bankruptcy dischargeability standards.  Section 523(a)(4) excepts from discharge, debt "for fraud or defalcation while acting in a fiduciary capacity. . . ."  Within this discharge exception, certain rules are clear: the debtor must have been acting in a fiduciary capacity, and the debtor must have breached his fiduciary duty. *Rutanen v. Baylis (In re Baylis),* 313 F.3d 9, 17 (1st Cir. 2002) (citations omitted).  If there is no breach, there is no defalcation; however, "[d]efalcation may be presumed from breach of the duty of loyalty, [i.e.,] the duty not to act in the fiduciary's own interest. . . ."  *Id*. at 17-19.

Applying this standard to the present case, the Court is satisfied that the state court judgment for breach of fiduciary duty meets the § 523(a)(4) standards.  To hold the Debtor liable for breach of fiduciary duty, the trial judge instructed the jury that they must find: (1) that a fiduciary relationship existed between Petrucelli and the Debtor, and (2) that the Debtor breached that relationship.[2] It is presumed that juries follow instructions, *see, e.g., U.S. v. Griffin,* 524 F.3d 71, 78 (1st Cir. 2008), and the jury found that the

---

[2] T-23, L 2-20.

BK No. 09-11638; A.P. No. 09-1070

Debtor breached his fiduciary duty. Since a finding of breach of fiduciary duty is equivalent to a finding of defalcation while acting in a fiduciary capacity under § 523(a)(4), this Court is bound to conclude that the state court judgment against the Debtor for breach of fiduciary duty is nondischargeable. Accordingly, the Plaintiff's Motion for Summary Judgment is **GRANTED**, and the judgment against the Debtor for breach of fiduciary duty is nondischargeable. The Court does refrain, however, from entering a money judgment for a sum certain, because in this instance the state court judgment on the multi-count complaint is all-inclusive and does not specifically define the damages awarded on account of the Debtor's breach of fiduciary duty. *See, e.g., Stein v. McDowell (In re McDowell),* 415 B.R. 601 (Bankr. S.D. Fla. 2008) (bankruptcy court adjudged debt for breach of fiduciary duty nondischargeable, but state court was the proper venue to determine extent of damages, as specific damages amount had not been fixed), *aff'd McDowell v. Stein,* 415 B.R. 584 (S.D. Fla. 2009).

Enter Judgment consistent with this Order.

Dated at Providence, Rhode Island, this    2nd    day of June, 2010.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 6/2/10

6